# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JARED LLOYD KRIEBEL, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19-cv-54-SNLJ |
| CINDY GRIFFITH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon review of documents filed by *pro se* petitioner Jared Lloyd Kriebel, who is presently in custody at the Potosi Correctional Center. In the documents, petitioner purportedly seeks habeas relief from the judgment of the Circuit Court of Caldwell County, Missouri. *State v. Jared L. Kriebel*, No. 13CL-CR00156 (43rd Jud. Cir. 2014). Petitioner has also filed a motion for leave to proceed *in forma pauperis*. For the following reasons, the Court will grant petitioner provisional leave to proceed *in forma pauperis*, and will transfer this case to the United States District Court for the Western District of Missouri.

The Circuit Court of Caldwell County is located in the Western District of Missouri. 28 U.S.C. § 105(b)(3). The Potosi Correctional Center is located within the Eastern District of Missouri. 28 U.S.C. § 105(a)(1). Pursuant to 28 U.S.C. § 2241(d), the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In a circumstance such as this, the district court in which the petition is originally filed may, in the exercise of its discretion and in the furtherance of justice, transfer the case to the other district for hearing and determination. *Id.* In addition, 28 U.S.C. § 1404(a) provides that a

district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's claims for relief appear to be based upon a conviction and sentence entered in a circuit court located within the Western District of Missouri, the relevant records are located there, and if hearings are required, the Western District of Missouri would be more convenient for witnesses. In addition, the Court has entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court*, January 27, 1986. The Court will therefore order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner is granted provisional leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

Dated this 18th day of January, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE